**In re Donald W. OWEN, Debtor.**

**Bankruptcy No. BK–90–04111–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 21, 1993.

---

### ORDER ON DEBTOR'S OBJECTION TO CLAIM FILED BY INTERNAL REVENUE SERVICE

PAUL B. LINDSEY, Bankruptcy Judge.

This case was commenced on June 25, 1990, by the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* On August 15, 1990, an order confirming debtor's Chapter 13 plan was entered.

On that same date, the Internal Revenue Service ("IRS") filed its proof of claim for unpaid taxes totalling $129,725.85. On November 13, 1990, debtor filed an objection to IRS' claim.[1] Thereafter, on November 19, 1990, IRS amended the amount of its claim to $121,492.05, and on December 12, 1990, filed its motion to dismiss debtor's objection to its original claim.

On February 21, 1991, debtor filed an objection to IRS' amended claim, and filed a response to IRS' motion to dismiss. On March 5, 1991, IRS filed a motion to dismiss debtor's objection to its amended claim.

These matters, originally set for hearing on April 16, 1991, were continued to May 21, 1991, and then further continued to July 23, 1991. On July 23, that hearing was stricken by the court at the request of, and by agreement between debtor and IRS.

On November 17, 1992, more than a year after the last scheduled hearing, debtor filed a second amended objection to IRS' amended claim.

---

1. Rule 3007, Fed.R.Bankr.P., requires that a copy of an objection to a proof of claim with a notice of a hearing on that objection shall be served at least 30 days prior to the hearing. It is evident to this court that this rule was not complied with at any time, and only points out this fact to illustrate that had this rule been observed, resolution of this matter would have been expedient, rather than protracted as is the case herein.

At a hearing held October 14, 1993, as reflected by an order entered November 9, 1993, debtor and IRS reached an agreement resolving all issues save one. The sole remaining issue is whether patent royalty income received by debtor in 1986 from his former employer, Southwest Electric Company ("Southwest"), was derived from a trade or business operated by debtor.

On October 29, 1993, debtor filed his motion for summary judgment. Thereafter, on November 9, 1993, IRS filed its cross-motion for summary judgment and response to debtor's motion.[2] On November 16, 1993, debtor filed his response to IRS' motion. On November 23, 1993, this case was transferred to this court by the judge theretofore assigned to this case.

In computing the alternative minimum tax, former § 55(e)(1)(E) of the Internal Revenue Code[3] provides for a deduction of qualified interest. Section 55(e)(3) describes qualified interest as the sum of qualified housing interest and any amount allowed as a deduction for interest to the extent that such amount does not exceed the qualified net investment income of the taxpayer for that taxable year. Section 55(e)(5)(B)(i) defines qualified net investment income as investment income within the meaning of provided by § 163(d)(3)(B).

In 1986, section 163(d)(3)(B) defined investment income as gross income, interest, dividends, rents, and royalties, and amounts treated as ordinary income, but only to the extent that the income and amounts were not derived from conducting a trade or business.

The uncontroverted facts, as provided by the pleadings, are as follows: In 1972, debtor was employed by Southwest. During his employment, debtor's duties included product development, manufacturing, and sales engineering. On July 14, 1976, debtor and Southwest executed an agreement which provided, *inter alia,* that for any patent issued to debtor for his inventions, ideas, or con-

cepts conceived while employed by Southwest, debtor would be vested with the entire right, title and interest in the patent, and that Southwest would be granted an exclusive license thereto. This agreement further provided that, in return for the transfer of these rights, Southwest would pay a royalty to debtor.

In 1976, while still employed by Southwest, debtor conceived a transformer design, for which three patents were issued to him. In late 1982, debtor resigned from Southwest. Pursuant to their agreement, however, debtor continued to receive royalty payments from Southwest, including a payment received in 1986. It is the 1986 royalty income which is at issue herein.

In its motion, IRS contends that the royalty income, based upon the licensing of debtor's patents to Southwest, received by debtor in 1986 from Southwest, after having resigned, from its employment, was derived from debtor's conduct of a trade or business.

In his motion for summary judgment, debtor contends that, at the time Southwest was granted a license in debtor's patent rights, debtor was not conducting the trade or business of inventing and selling patents, and that therefore the royalties he received based upon this license qualify as investment income, as that term is defined under § 163.

Both IRS and debtor cite *Commissioner v. Groetzinger,* 480 U.S. 23, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987) as authoritative when determining whether certain income is investment income. In that case, as is correctly pointed out by both parties, the Court defined "conducting a trade or business" as being involved in the activity at issue with continuity and regularity for the primary purpose of income or profit. The Court's decision in *Groetzinger,* however, involved a taxpayer who was engaged exclusively in

---

**2.** In its cross-motion for summary judgment, IRS raises the issue whether debtor is entitled to a deduction of qualified interest in computing the alternative minimum tax for 1986. In his reply, filed November 16, 1993, debtor correctly asserts that this issue was not part of the agreement reflected in the order entered November 9, 1993, and therefore requests that this court not consider this second issue. While failing to see any

harm by deciding both issues, since they are inter-dependent, this court will refrain from deciding the second issue, in accordance with the agreement of the parties.

**3.** References herein to statutory provisions by section number only will be to provisions of the Internal Revenue Code, 26 U.S.C. § 1 *et seq.,* unless the context requires otherwise.

gambling and who had no other gainful activity or employment.

In this case, debtor was an employee of Southwest whose employment involved the development of transformer designs, some of which were apparently sufficiently unique to be patentable. In this court's opinion, debtor was not, in 1976, 1986, or at any other time, engaged in the trade or business of inventing, within the meaning of conducting a trade or business developed in *Groetzinger*. The royalty income received by debtor in 1986, therefore, this court finds and concludes, was not derived from conducting a trade or business.

IT IS SO ORDERED.